William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

Mark Sommers (*pro hac vice* to be filed)
Patrick J. Rodgers (*pro hac vice* to be filed)
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Plaintiff*
*Subaru of America, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUBARU OF AMERICA, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>WANG ZHI d/b/a CARLEDLOGO and<br>FASTTRACK EXPRESS & CARGO<br>SERVICES, INC.,<br><br>          Defendants. | Civil Action No. 25-3283<br><br>*Document Electronically Filed* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Subaru of America, Inc. ("Subaru" or "Plaintiff") alleges against Defendant Wang Zhi d/b/a CarLEDLogo ("CarLEDLogo") and Defendant Fasttrack Express & Cargo Services, Inc. ("Fasttrack") (collectively, "Defendants") as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is a civil action for direct and indirect trademark infringement and unfair competition under federal, state, and/or common law. Subaru brings this action against Defendants for infringing Subaru's SUBARU trademark and Pleiades Star Logo (the "Subaru Marks") for automobiles, parts, and accessories in a manner that is likely to confuse, deceive, or mislead consumers into believing CarLEDLogo's infringing use of the identical trademark SUBARU and Pleaides Star Logo for car accessories, namely, LED grille emblems, door sills, cup holder coasters, and door projector lights, is authorized by or affiliated with Subaru, and/or that CarLEDLogo's products are offered, licensed, or approved by Subaru, when they are not.

2. For those reasons and as more fully set forth below, Subaru seeks both injunctive relief and monetary damages against Defendants' knowing and willful infringement of the Subaru Marks.

## THE PARTIES

3. Plaintiff Subaru of America, Inc. is a New Jersey corporation with a principal place of business at One Subaru Drive, Camden, New Jersey 08103. Subaru of America is exclusively licensed and authorized to use and enforce the SUBARU trademark and Pleaides Star logo in the United States.

4. Defendant Wang Zhi is an individual doing business as CarLEDLogo at an address of Room 2001, Building 1, Tongji Science and Technology Plaza, No. 33 Hushan Road, Changshu High-tech Industrial Development Zone, China.

5. Defendant Fasttrack Express & Cargo Services, Inc. is a Florida corporation with an address of 7850 NW 25 Street, Suite 400, Doral, FL 33122.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business in New Jersey in connection with their infringing use of the identical SUBARU trademark and Pleiades Star Logo, including by selling and shipping the infringing products into New Jersey. This Court has supplemental jurisdiction over Subaru's state law claims pursuant to 28 U.S.C. § 1367 because those claims are substantially related to Subaru's federal Lanham Act claims.

7.      This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Subaru resides in New Jersey, Defendant CarLEDLogo resides in China, Defendant Fasttrack resides in Florida, and the amount in controversy exceeds $75,000.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Subaru is being harmed in this District, Subaru's intellectual property at issue in this litigation is located in this District, and Defendants are using the identical SUBARU trademark and Pleiades Star Logo in this District.

**SUBARU AND ITS WELL-KNOWN TRADEMARKS**

9.      Subaru of America, Inc. is an indirect wholly owned subsidiary of Subaru Corporation, and the exclusive licensee of the SUBARU trademark and Pleiades Star Logo in the United States.

10.     Subaru markets, distributes, sells, and services automobiles, parts, and accessories through a nationwide network of more than 630 authorized Subaru retailers.

11.     Since its U.S. automobile sales began more than 50 years ago, Subaru has enjoyed tremendous success. From 2008 to 2019, Subaru posted consecutive, record-breaking sales.  In

fact, Subaru's sales increased every month between December 2011 and August 2019—the longest month-over-month sales streak of any automaker in the United States. Those strong sales have continued, even despite a global pandemic and chip shortage that affected all car manufacturers across the globe. In 2023, Subaru sold over 632,000 vehicles in the United States, making Subaru the ninth largest automotive brand in the United States that year, larger than the likes of Mercedes-Benz, Volkswagen, GMC, and BMW.  This past March, Subaru had its 31st consecutive increase in month-over-month yearly sales.

12.    Subaru is famous for making safe, long-lasting, and high-quality vehicles and has received many awards, accolades, and acclaim for the design, functionality, technological innovation, reliability, safety, environmental standards, and resale value of its vehicles.

13.    Subaru has also received industry recognition for its uncompromising commitment to owner satisfaction. For example, in 2024, the American Consumer Satisfaction Index rated Subaru the #1 brand for vehicle safety for the fifth year in a row, the #1 brand for product quality for the fourth year in a row, the #1 brand for over product and service quality for the second year in a row, the #1 brand for perceived value for the second year in a row, the #1 brand for dependability, and the #1 brand for driving performance. Also in 2024, Forbes recognized Subaru as the best brand for social impact for the second year in a row. And In 2022, Forbes listed Subaru among the Top 10 Brands consumers love. In 2022, Kelley Blue Book named Subaru the Most Trusted Brand for the eighth year in a row Subaru was awarded that honor, and in 2021, Kelley Blue Book named Subaru the Best Overall Brand—the fourth time Subaru has been awarded that honor. In 2019, Consumer Reports named Subaru the best automotive brand, and Newsweek named Subaru one of the Most Desired Automotive Brands. In 2018, Forbes named Subaru one of America's Most Reputable Companies.

14.     Subaru's parent company Subaru Corporation owns multiple U.S. Registrations for the trademark SUBARU in Classes 01, 03, 04, 05, 06, 07, 08, 09, 11, 12, 14, 16, 18, 20, 21, 22, 25, 27, 28, 35, 36, and 37, including Registration Nos. 0689801, 2386969, 2431547, 4602263, and 6398694, four of which are incontestable. Subaru Corporation exclusively licenses Subaru to use and enforce these registrations in the United States.

15.     In addition to the SUBARU mark, Subaru markets and sells its automobiles, parts, and accessories under the Pleiades Star Logo, as shown below:



16.     Subaru's Pleiades Star Logo contains six stars, one for each of the historic Japanese companies that merged to form Subaru Corporation, and it is integral to Subaru's corporate identity.

17.     Subaru's parent company Subaru Corporation owns several U.S. registrations for the Pleiades Star Logo in Classes 01, 03, 04, 05, 06, 07, 08, 09, 11, 12, 14, 16, 18, 20, 21, 22, 24, 25, 27, 28, 35, 36, and 37, including Nos. 4602264, 2431546, and 1567022. All three of these registrations are incontestable. Subaru Corporation exclusively licenses Subaru to use and enforce these registrations in the United States.

18.     In addition to the sale of automobiles, Subaru also offers genuine parts and accessories in the United States under the Subaru Marks. Among the many genuine accessories Subaru offers for its vehicles, Subaru offers branded door projector lights and illuminated LED grille emblems featuring the Subaru Marks. Examples of these products are shown below.





19.     As a result of widespread and extensive use, advertising, promotion, commercial success, and third-party recognition of Subaru's automobiles, parts, and accessories, Subaru's SUBARU trademark and Pleiades Star Logo are distinctive, strong, and well known.

## DEFENDANTS' WRONGFUL ACTIVITIES

20.     On information and belief, Defendant CarLEDLogo owns and operates the website www.carledlogo.com, where CarLEDLogo sells a variety of car lights and other accessories.

21.     Among those products, CarLEDLogo sells unauthorized accessories for Subaru vehicles that prominently use the Subaru Marks in the promotion of those products and display the Subaru Marks on the products themselves, including at least an illuminated LED grille emblems, illuminated LED door sills, illuminated LED cup holder coasters, and LED door projector lights. Examples of those product listings are shown below.



(https://www.carledlogo.com/car-logo-badge/light-up-subaru-emblem/)



(https://www.carledlogo.com/led-door-sill/subaru-door-sills/)



(https://www.carledlogo.com/cup-holder-lights/subaru-cup-holder-lights/)



(https://www.carledlogo.com/ghost-shadow-lights/subaru-door-light/)



(https://www.carledlogo.com/car-door-lights/subaru-door-logo/)

22.    Much like Subaru's authorized accessories, CarLEDLogo sells its unauthorized

accessories online.

23.    CarLEDLogo's unauthorized accessories are available for shipping to the United

States, and on information and belief, they have been sold and shipped to customers in the United

States, including in New Jersey. That is consistent with CarLEDLogo's website, which indicates that it globally ships worldwide, e.g.:



(https://www.carledlogo.com/customer-help/)

24.     CarLEDLogo's unauthorized accessories are (and have been) distributed and shipped in the United States, including in New Jersey, by Fasttrack.

25.     On March 8, 2024, Subaru objected to CarLEDLogo's infringing use of the Subaru Marks and requested that CarLEDLogo stop using the Subaru Marks and remove all products using or bearing the Subaru Marks from the marketplace.

26.     Despite Subaru's continued objections, CarLEDLogo has not responded to Subaru, nor has CarLEDLogo stopped its infringing use of the Subaru Marks and unauthorized activities.

**<u>INJURY TO SUBARU AND THE PUBLIC</u>**

27.     Defendants' infringing use of the Subaru Marks in connection with unauthorized accessories for cars is likely to cause confusion, mistake, and deception as to the source or origin of CarLEDLogo's products, and is likely to falsely suggest a sponsorship, connection, or association between Defendants and CarLEDLogo's unauthorized accessories and other

commercial activities with Subaru, the Subaru Marks, and Subaru's automobiles, parts, and accessories, and/or other commercial activities.

28.    Defendants' acts, as described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Subaru and its Subaru Marks.

29.    Defendants' acts, as described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

30.    Defendants have acted knowingly, willfully, in reckless disregard of Subaru's rights, and in bad faith, as evidenced in part by CarLEDLogo's continued use of the identical SUBARU trademark and Pleiades Star Logo for its unauthorized car accessories contrary to Subaru's express and multiple objections.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement against CarLEDLogo**
**Under Section 32 of the Lanham Act, 15 U.S.C. § 1114**

31.    Subaru repeats and re-alleges each and every allegation set forth in Paragraphs 1–30 of this Complaint.

32.    Subaru's use of the Subaru Marks in the United States predates any alleged first use of the same by CarLEDLogo.

33.    CarLEDLogo has, without the authorization or consent of Subaru, used in commerce the entirety of Subaru's federally registered SUBARU trademark and Pleiades Star Logo in connection with unauthorized accessories for cars, and such use is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition against CarLEDLogo
#### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

34.     Subaru repeats and re-alleges each and every allegation set forth in Paragraphs 1–33 of this Complaint.

35.     The Subaru Marks are and have been distinctive in the United States since well before CarLEDLogo's first use of those same marks based on, among other things, the long-standing and extensive nationwide use, promotion, and commercial success of Subaru's automobiles, parts, and accessories.

36.     CarLEDLogo's use of the Subaru Marks, as described above, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of CarLEDLogo, its unauthorized car accessories, and/or commercial activities by or with Subaru, its Subaru Marks, and its automobiles, parts, and/or accessories and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
### Trademark Infringement and Unfair Competition against CarLEDLogo
#### Under N.J.S.A. § 56:3-13.16(a) and §§ 56:4-1, *et. seq.*

37.     Subaru repeats and realleges each and every allegation set forth in Paragraphs 1–36 of this Complaint.

38.     CarLEDLogo's actions, as described above, are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of CarLEDLogo, its unauthorized car accessories, and/or commercial activities by or with Subaru, its SUBARU trademark and Pleiades Star Logo, and SUBARU automobiles, parts, and accessories and thus constitute trademark

infringement and unfair competition in violation of the laws of the State of New Jersey, N.J.S.A.

§ 56:3-13.16(a) and §§ 56:4-1, *et. seq.*

## FOURTH CLAIM FOR RELIEF
**Trademark Infringement and Unfair Competition against CarLEDLogo**
**Under New Jersey Common Law**

39.     Subaru repeats and re-alleges each and every allegation set forth in Paragraphs 1–38 of this Complaint.

40.     CarLEDLogo's actions, as described above, are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of CarLEDLogo, its unauthorized car accessories, and/or commercial activities by or with Subaru, its SUBARU trademark and Pleiades Star Logo, and SUBARU automobiles, parts, and accessories and thus constitute trademark infringement and unfair competition under New Jersey common law.

## FIFTH CLAIM FOR RELIEF
**Contributory Trademark Infringement against Fasttrack**
**Under Sections 32  and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)**

41.     Subaru repeats and re-alleges each and every allegation set forth in Paragraphs 1–33 of this Complaint.

42.     Fasttrack is knowingly facilitating the sale, offering for sale, and/or distribution of CarLEDLogo's infringing products by shipping and distributing those products in the United States in a manner that is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and/or 15 U.S.C. § 1125(a)(1)(A).

43.     Fasttrack has known or has had reason to know of CarLEDLogo's infringement of Subaru's trademarks rights, or has been willfully blind to all reasonable indications of such infringement.

44.     Fasttrack has materially supported and exercised control over CarLEDLogo's infringement of Subaru's trademarks rights, and has facilitated, supported, and enabled the sale of CarLEDLogo's infringing products through Fasttrack's own conduct.

45.     Fasttrack has engaged in and continues to engage in contributory trademark infringement of Subaru's trademark rights, namely, the SUBARU trademark and Pleiades Star Logo.

46.     Fasttrack has knowingly contributed to the alleged infringing acts without authorization, license, or consent from Subaru.

47.     As a result of Fasttrack's contributory infringement, Subaru has suffered damages and will continue to suffer damages, including lost sales, lost profits, and lost goodwill. Plaintiff seeks monetary damages in an amount to be proven, pursuant to 15 U.S.C. § 1117.

48.     Fasttrack's contributory infringement has also caused irreparable injury to Subaru, including its business, reputation, and goodwill, and on information and belief, unless restrained and enjoined, Fasttrack will continue to contribute to the infringement of Subaru's trademarks. Subaru's remedy at law is not adequate to redress the harm Subaru has caused and will continue to cause until its conduct is restrained, entitling Subaru to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## JURY DEMAND

49.     Subaru respectfully demands a trial by jury on all issues properly triable by a jury in this action under Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, Subaru respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A.      An Order declaring that CarLEDLogo's unauthorized use of the identical SUBARU trademark and Pleiades Star Logo in connection with its unauthorized car accessories infringes the Subaru Marks and constitutes unfair competition under federal and state law, as detailed above;

B.      An Order declaring that Fasttrack's unauthorized use of the identical SUBARU trademark and Pleiades Star Logo in connection with its shipment and distribution of CarLEDLogo's unauthorized car accessories contributorily infringes the Subaru Marks and constitutes unfair competition under federal law, as detailed above;

C.      A permanent injunction enjoining Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1. From using the Subaru Marks in connection with car accessories, automobiles, and/or any other goods or services;

2. From using, registering, or seeking to register any marks, logos, designs, and/or designations confusingly similar to the Subaru Marks;

3. From representing by any means whatsoever, directly or indirectly, that Defendants, their products, and activities are associated or connected in any way with Subaru or sponsored by or affiliated with Subaru in any manner;

4. From registering, acquiring, owning, or maintaining any domain name, sub-domain name, Internet address, email address or electronic identifier that uses or incorporates the term "Subaru"; and

5. From assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(4).

D.    An Order directing Defendants to destroy all products, packaging, signage, advertisements, promotional materials, forms, and/or any other materials and things that contain or bear the Subaru Marks and/or any marks or designations confusingly similar to the Subaru Marks;

E.    An Order directing Defendants to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Subaru's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

F.    An Order requiring Defendants to account for and pay to Subaru any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

G.    An Order requiring Defendants to pay Subaru damages in an amount as yet undetermined (and including pre-judgment and post-judgment interest) caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117, N.J.S.A. 56:3-13.16(d), and other applicable laws;

H.    An Order requiring Defendants to pay Subaru all its litigation expenses, including attorneys' fees and the costs of this action under 15 U.S.C. § 1117, N.J.S.A. 56:3-13.16(d), and other applicable laws;

I.      An Order requiring Defendants to pay Subaru punitive damages for trademark infringement and unfair competition under N.J.S.A. 2A:15–5.9, *et seq* and other applicable laws; and

J.      All other relief as the Court may deem appropriate.

Dated: April 25, 2025                        s/ William P. Deni, Jr.
       Newark, New Jersey                    William P. Deni, Jr.
                                             J. Brugh Lower
                                             **GIBBONS P.C.**
                                             One Gateway Center
                                             Newark, New Jersey 07102
                                             (973) 596-4500
                                             wdeni@gibbonslaw.com
                                             jlower@gibbonslaw.com

                                             Mark Sommers (*pro hac vice* to be filed)
                                             Patrick J. Rodgers (*pro hac vice* to be filed)
                                             **FINNEGAN, HENDERSON, FARABOW,**
                                             **  GARRETT & DUNNER, LLP**
                                             901 New York Avenue, NW
                                             Washington, DC 20001
                                             (202) 408-4000

                                             *Attorneys for Plaintiff*
                                             *Subaru of America, Inc.*