<u>**NOT FOR PUBLICATION**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| SUBARU OF AMERICA, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> WANG ZHI d/b/a CARLEDLOGO and FASTTRACK EXPRESS & CARGO SERVICES, INC., <br><br> *Defendants*. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 25-3283-KMW-EAP <br><br> **OPINION** |

<u>APPEARANCES</u>:

William P. Deni, Jr., Esq.
J. Brugh Lower, Esq.
**GIBBONS, P.C.**
ONE GATEWAY CENTER
NEWARK, NJ 07102

Mark Sommers, Esq.
Patrick J. Rodgers, Esq.
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
WASHINGTON, DC 20001-4413

  *Counsel for Plaintiff*

**WILLIAMS, District Judge:**

## I.  INTRODUCTION

Plaintiff Subaru of America, Inc. ("Plaintiff") brings this action against Defendant Wang Zhi, doing business as CarLEDLogo ("CarLEDLogo"), and Defendant Fasttrack Express & Cargo Services, Inc. ("Fasttrack") (collectively, "Defendants") alleging that Defendants engaged in trademark infringement and unfair competition under federal and New Jersey state law arising from their infringement of Subaru Corporation's SUBARU trademark and Pleiades Star Logo.

This matter comes before the Court on Plaintiff's Motion for Default Judgment against Defendants. (Dkt. No. 9.) Defendants to date have not filed appearances nor responded to the Complaint or the instant motion. For the reasons that follow, Plaintiff's Motion for Default Judgment is **DENIED without prejudice.**[1]

## II.  BACKGROUND

### A.  Statement of Facts

Plaintiff is a wholly owned subsidiary of Subaru Corporation, the owner of the SUBARU trademark and Pleiades Star Logo (collectively, "Subaru Marks"). (Compl. ¶ 9, Dkt. No. 1.) Plaintiff claims to be the exclusive licensee of these trademarks in the United States. (*Id.* ¶ 3.) Plaintiff asserts that Subaru Corporation owns multiple U.S. Registrations for the SUBARU trademark, including Registration Nos. 0689801, 2386969, 2431547, 4602263, and 6398694, four of which are allegedly incontestable, encompassing classes 01, 03, 04, 05, 06, 07, 08, 09, 11, 12, 14, 16, 18, 20, 21, 22, 25, 27, 28, 35, 36, and 37. (*Id.* ¶ 14.) Plaintiff also asserts that Subaru Corporation owns multiple U.S. Registrations for the Pleiades Star Logo including Registration Nos. 4602264, 2431546, 1567022, all of which are allegedly incontestable, encompassing classes

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

01, 03, 04, 05, 06, 07, 08, 09, 11, 12, 14, 16, 18, 20, 21, 22, 24, 25, 27, 28, 35, 36, and 37. (*Id.* ¶ 17.)

Plaintiff sells both automobiles and genuine parts and accessories displaying the SUBARU mark and Pleiades Star Logo. (*Id.* ¶ 18.) These accessories include door projector lights and illumined LED grille emblems of the Pleiades Star Logo. (*Id.*) To support these allegations, Plaintiff includes screenshots of online listings displaying Subaru branded illuminated LED grille emblems as well as projector lights for front doors for sale. (*Id.*)

Plaintiff further alleges that CarLEDLogo owns and operates the website www.carledlogo.com, where CarLEDLogo sells automobile accessories including unauthorized Subaru vehicle accessories. (*Id.* ¶¶ 20-21.) Among these unauthorized accessories are illuminated LED grille emblems, illuminated LED door sills, illuminated LED cup holder coasters, and LED door projector lights, all of which display the Subaru Marks. (*Id.* ¶ 21.) To support these allegations, Plaintiff includes screenshots of online listings displaying the foregoing unauthorized Subaru accessories with the Subaru Marks for sale on CarLEDLogo's website. (*Id.* ¶¶ 21-22.)

Plaintiff asserts that CarLEDLogo's unauthorized accessories are available and have been shipped to the United States, including New Jersey. (*Id.* ¶ 23.) This allegation is supported by a screenshot from CarLEDLogo's website displaying the availability of worldwide shipping. (*Id.*) Plaintiff also alleges that Fasttrack has distributed and shipped the unauthorized accessories to the United States, including New Jersey. (*Id.* ¶ 24.) Plaintiff further alleges that Fasttrack "has known or has had reason to know of CarLEDLogo's infringement of Subaru's trademark rights, or has been willfully blind to all reasonable indications of such infringement." (*Id.* ¶ 43.)

Plaintiff alleges that Defendant's sale and shipment of the unauthorized accessories:

> is likely to cause confusion, mistake, and deception as to the source or origin of CarLEDLogo's products, and is likely to falsely suggest

3

> a sponsorship, connection, or association between Defendants and CarLEDLogo's unauthorized accessories and other commercial activities with Subaru, the Subaru Marks, and Subaru's automobiles, parts, and accessories, and/or other commercial activities.

(*Id.* ¶ 27.) Plaintiff further alleges that Defendants' acts have "damaged and irreparably injured" Plaintiff, its Subaru Marks, and the public. (*Id.* ¶¶ 28-29.)

### B. Procedural History

Plaintiff filed its complaint on April 25, 2025, and subsequently served defendants on June 9, 2025. (Dkt. Nos. 1, 6, 7.) The documents indicate that both Fastrack and CarLEDLogo were served through Fasttrack's managing agent, Shawn Zaidi. (Dkt. Nos. 6, 7.) After Defendants did not answer or otherwise timely respond, the Clerk of Court, at Plaintiff's request, entered default against Defendants on September 3, 2025. Defendants have not appeared in this action or filed any responsive pleading. Plaintiff thereafter filed the instant Motion for Default Judgment pursuant to Federal Rules of Civil Procedure 55(b)(2).

### III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 55(b)(2)

Federal Rule of Civil Procedure 55 authorizes the entry of default judgment against a party that has failed to file a timely responsive pleading. Fed. R. Civ. P. 55(b)(2); *see also Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017). Rule 55 establishes a two-step process for obtaining a default judgment: (1) the party seeking default must obtain an entry of default by the Clerk of Court; and (2) once the Clerk of Court has entered the default, the party can seek a default judgment. It is within the discretion of the district court whether to grant a motion for default judgment. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (explaining that the entry of default does not automatically entitle the non-defaulting party to default judgment; rather,

4

the entry of default judgment is left primarily to the discretion of the district court). "Once a party has defaulted, the consequence is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp.*, No. 20-9537, 2021 WL 1541054, at*3 (D.N.J. Apr. 20, 2021). With respect to damages, the Court may order or permit the plaintiff to provide additional evidence to support their allegations. *Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 WL 1536210, at *2 (D.N.J. May 1, 2012).

The moving party is not entitled to default judgment as a right; rather, the Court may enter a default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." *Dellecese*, 2017 WL 957848, at *2 (quoting *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012)); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (stating that "this court does not favor entry of defaults and default judgments" and noting the Court's preference that cases be decided on the merits).

Accordingly, before granting default judgment, a court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether the defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *See Tri-Union Seafoods, LLC*, 2021 WL 1541054, at *3. Further, the Court must consider the additional following factors: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Id.* (quoting *Chamberlain*, 210 F.3d at 164).

5

## IV.    DISCUSSION

As set forth *supra*, obtaining a default judgment pursuant to Fed. R. Civ. P. 55 is a two-step process: first the Clerk of Court must enter a defendant's default after the properly served defendant failed to plead or otherwise defend itself. Once the entry has been made by the Clerk, a plaintiff can request the Clerk enter default judgment when a plaintiff's claim is for a sum certain, but in all other cases, such as the instant case, a plaintiff must apply to the court for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Here, the Clerk of Court entered a default on September 3, 2025 against CarLEDLogo and Fasttrack for failing to plead or otherwise defend themselves following the summons returned as executed on June 9, 2025. (Dkt. Nos. 6, 7.) Since then, the docket reflects that Defendants have not made an appearance or responded to this case to date. Thus, the first step is satisfied, and the Court will proceed to determine whether the entry of a default judgment is proper in this case.

### A.  Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Tri-Union Seafoods, LLC*, 2021 WL 1541054, at \*3 (quoting *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at \*2 (D.N.J. Jan. 22, 2015)). Thus, the Court must first determine personal jurisdiction over Defendants, as well as subject matter jurisdiction, before it can proceed to any other aspect of the default judgment motion.

The Court has specific personal jurisdiction over CarLEDLogo and Fasttrack. "Specific jurisdiction is attained when the controversy is related to or 'arises out of' a defendant's contacts with the forum." *Carter Ledyard & Milburn LLP v. Carrascosa*, No. 07-3216, 2010 WL 4609501, at \*3 (D.N.J. Nov. 1, 2010) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

408, 414 (1984)). There is a three-part test to determine whether specific jurisdiction exists. *Ross Univ. Sch. of Med. v. Amini*, No. 13-6121, 2014 WL 29032, at *5 (D.N.J. Jan. 2, 2014).

> (1) The defendant must have purposefully directed his activities at the forum;
> (2) the plaintiff's claim must arise out of or relate to at least one of those specific activities; and
> (3) courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice.

*Id.* (internal citations and quotations omitted). The Court will address each factor in turn below.

The Court notes that Defendants sold and shipped the alleged infringing products into New Jersey. (Compl. ¶ 24.) Given that the Court must accept Plaintiff's well pleaded factual allegations as true, *see Mancuso*, 2012 WL 1536210, at *2, the Court finds this allegation sufficient to determine that CarLEDLogo and Fasttrack purposefully directed their activities to this forum.

Next, it is clear on its face that Plaintiff alleges trademark infringement and unfair competition arising from CarLEDLogo's sale and Fasttrack's shipment of various unauthorized Subaru accessories. (*See* Compl. ¶ 27.) Because Defendants sold and shipped these unauthorized Subaru accessories to New Jersey, the Court finds Plaintiff's allegations sufficient to determine that the claims of this case arise out of the activities that Defendants purposefully directed at this forum.

Further, the Court must ensure that its assertion of jurisdiction comports with the concepts of "fair play and substantial justice." *Ross Univ. Sch. of Med.*, 2014 WL 29032, at *5 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). At this step, the burden would normally fall on the defendant to show that the assertion of jurisdiction is unconstitutional. *Id.* (citing *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)). However, Defendants have failed to appear in this case. Thus, the Court has carefully reviewed the

7

record and has found no evidence to suggest that it would be unfair or against the concept of substantial justice to require Defendants to answer a Complaint in a federal court based in a state in which they purposefully conducted business. Therefore, the Court finds that it has specific jurisdiction over CarLEDLogo and Fasttrack.

The Court has subject matter jurisdiction over Plaintiff's claims in that the claims arise under the Lanham Act, pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121(a). The Court has jurisdiction over the unfair competition claims pursuant to 28 U.S.C. § 1338(b), in addition to supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Court is satisfied that jurisdiction is met in this matter.

### B. Proper Service

The Federal Rules for executing service provide that:

> a domestic or foreign corporation, or a partnership or other unincorporated association . . . must be served in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(h)(1); *see also* Fed. R. Civ. P. 4(e)(1) (authorizing service by "following state law for serving a summons . . . in the state where the district court is located or where service is made"). Here, Plaintiff filed its executed summons for Fasttrack on July 9, 2025. (Dkt. No. 6.) The documents indicate that the managing agent, Shawn Zaidi, was served successfully on June 9, 2025. (*Id.*) The summons was served by an adult without a direct interest in the litigation and declared that the above information was true and correct under penalty of perjury. (*Id.*) The Court is satisfied that proper service was made to Fasttrack.

The Federal Rules for executing service also provide that an individual in a foreign country:

8

may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Here, Plaintiff filed its executed summons for Wang Zhi, doing business as CarLEDLogo, on July 9, 2025. (Dkt. No. 7.) The complaint asserts that Wang Zhi is an individual conducting business at an address of Room 2001, Building 1, Tongji Science and Technology Plaza, No. 33 Hushan Road, Changshu High-tech Industrial Development Zone, China. (Compl. ¶ 4.) The documents indicate that CarLEDLogo was served through the care of Fasttrack's managing agent Shawn Zaidi on June 9, 2025. There is no obvious or alleged legal basis for serving process on CarLEDLogo through the care of Fastrack. As such, the Court is not satisfied that proper service was made to Wang Zhi, doing business as CarLEDLogo.

### C. Sufficiency of Causes of Action

Next, the Court must consider whether the undisputed facts provided in Plaintiff's complaint allege legitimate claims. *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795, at *1 (D.N.J. Feb. 24, 2015) ("The plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action before default judgment can be entered.") (citations omitted); *see also Mancuso*, 2012 WL 1536210, at *2. "A consequence of the entry of default judgment is that the factual allegations of the complaint . . . will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted).

9

### i. CarLEDLogo's Alleged Trademark Infringement and Unfair Competition under the Lanham Act and New Jersey Law

Because Plaintiff has not demonstrated proper service on Defendant Wang Zhi d/b/a CarLEDLogo, the Court need not reach the sufficiency of Plaintiff's direct trademark infringement and unfair competition claims against that Defendant. The motion is denied without prejudice on the independent ground of insufficient service of process.

### ii. Fasttrack's Alleged Contributory Infringement

Finally, the Court finds that Plaintiff's contributory trademark infringement claim against Fasttrack does not warrant default judgment. Plaintiff asserts a theory of contributory liability against Fasttrack which "requires proof of either an intent to induce another to infringe a trademark or continued supply of goods or services to one whom the supplier (contributory infringer) knows or has reason to know is engaging in trademark infringement." *Solta Med., Inc. v. Candela Med., Inc.*, No. 22-01177 (GC), 2023 WL 11867078, at *7 (D.N.J. Feb. 28, 2023) (citing *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 854 (1982)); *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1432 (3d Cir. 1994)).

Here, Plaintiff asserts that "Fasttrack is knowingly facilitating the sale, offering the sale, and/or distribution of CarLEDLogo's infringing products by shipping and distributing those products in the United States" and that "Fastrack has known or has had reason to know of CarLEDLogo's infringement of Subaru's trademark rights, or has been willfully blind to all reasonable indications of such infringement." (Compl. ¶¶ 42-43.) These allegations, however, are merely threadbare recitals of the elements of contributory infringement, without the necessary factual allegations to support them, and are insufficient to establish contributory infringement. *See Joe Hand Promotions, Inc v. Forupk LLC*, No. 19-7970, 2020 WL 1864582, at *2 (D.N.J. Apr. 14, 2020) (stating that "a plaintiff seeking default judgment cannot rest on mere conclusory

10

allegations" as to the elements of a claim). The Complaint lacks sufficient factual allegations explaining why Fasttrack allegedly possessed such knowledge of the alleged infringement, how it acquired this knowledge, or any facts supporting the assertion that it was willfully blind. Mere shipment of allegedly infringing goods, without well-pleaded factual allegations supporting the knowledge element required under *Inwood*, does not plausibly state a claim for contributory trademark infringement. *See Solta Med., Inc.*, 2023 WL 11867078, at *7; *see Inwood Laboratories, Inc.*, 456 U.S. at 854.

Accordingly, the Court declines to enter default judgment for federal contributory infringement under Sections 32 and 43(a) of the Lanham Act against Fasttrack.

Because Plaintiff's motion for default judgment against Defendants fails due to improper service and insufficient factual allegations, it is unnecessary to analyze the appropriateness of default judgment in this case.

V.   **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Default Judgment (Dkt. No. 9) is **DENIED without prejudice**. Insofar as Plaintiff wishes to continue pursuing relief under the Lanham Act, Plaintiff is granted leave to file an amended pleading curing the deficiencies identified above, in accordance with the accompanying Order.

Dated: June 30, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

11